**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **CR NO. 06-036-03 T** |
| | : | |
| **TIMOTHY A. SMITH** | : | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, the United States and Defendant, TIMOTHY A. SMITH, have reached the following agreement.

1. Defendant's Obligations

a. Defendant will plead guilty to 4 counts of the Indictment. The counts are: Count 1- Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. §§ 371 and 1344; and Counts 19 through 21 which charge Bank Fraud, in violation of 18 U.S.C. § 1344.

2. Government's Obligations

In exchange for Defendant's plea of guilty:

a. The government will recommend that the Court impose the lowest term of imprisonment within the range of sentences as calculated under the United States Sentencing Guidelines (the USSG or "guidelines").

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of

the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The maximum statutory penalties for the offenses to which defendant is pleading are:

Count 1 - 18 U.S.C. §§ 371 and 1344 (Conspiracy to Commit Bank Fraud)

a. 5 years imprisonment;

b. $250,000.00 fine;

c. 3 years supervised release; and

d. a $100.00 special assessment.

Counts 19-21 - 18 U.S.C. § 1344 (Bank Fraud)

For each count:

a. 30 years imprisonment

b. $1,000,000.00 fine;

c. 5 years supervised release; and

d. a $100.00 special assessment.

5. Defendant agrees that, after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

6. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

d. Defendant has the right to be represented by counsel - and if necessary have the Court appoint counsel - at trial and every other stage of the proceeding;

e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

f. Defendant waives these trial rights if the Court accepts a plea of guilty.

7. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right

to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

8. Except for paragraph 2 above, the parties have made no agreement concerning the application of the guidelines in this case.

9. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

10. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives Defendant's right to file a direct appeal, if the sentence imposed by the Court is within the guideline range determined by the Court or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

11. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

12. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

13. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

14. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained

it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

15. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

**TIMOTHY A. SMITH**
Defendant

Date 5/31/06

**JAMES E. O'NEIL, ESQ.**
Counsel for Defendant

Date 5/31/06

**RICHARD W. ROSE**
Assistant U.S. Attorney

Date 6/1/06

for **GERARD B. SULLIVAN**
Assistant U.S. Attorney
Chief, Criminal Division

Date 6-1-2006